Eliacin v. Fiala

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

**PRESENT:**
> Richard C. Wesley,
> Denny Chin,
> > *Circuit Judges*,
> David G. Larimer,
> > *District Judge.*$^{*}$

_____

BERONNE R. ELIACIN,

> *Plaintiff-Appellant*,

> v.                                          11-4679

COUNTY OF BROOME,

> *Defendant-Appellee*,

Barbara Fiala, County of Broome Executive, Willow Point Nursing Home, Steven Reagan, Willow Point Nursing Home Administrator,

> *Defendants*.

_____

---

$^{*}$ The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**  Beronne R. Eliacin, *pro se*, Binghamton, NY.

**FOR DEFENDANT-APPELLEE:**  Robert G. Behnke III, Broome County Attorney, Binghamton, NY.

Appeal from the judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Beronne R. Eliacin, *pro se*, appeals from the district court's December 8, 2009 order partially granting the defendants' motion to dismiss and its October 17, 2011 order and judgment granting the summary judgment motion of the County of Broome (the "County") and dismissing Eliacin's action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We affirm the district court's partial dismissal of Eliacin's claims for failure to state a claim for substantially the reasons set forth in the court's December 8, 2009 order. None of Eliacin's allegations or arguments relating to the three claims dismissed by the district court are sufficient "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Although the court dismissed these claims without

providing Eliacin an opportunity to amend her complaint, we conclude that a remand for this purpose would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We also affirm the district court's October 17, 2011 order and judgment granting the County's summary judgment motion for substantially the reasons set forth in that decision.  Eliacin failed to present a prima facie case of retaliation under Title VII.  *See, e.g.*, *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006).  On appeal, Eliacin argues that a February 7, 2008 letter she sent to the County Executive was sufficient to put the County on notice of her Title VII claims.[1]  Even assuming that Eliacin subjectively believed that the County's underlying acts were unlawful under Title VII, the contents of the letter were insufficient to put the County on notice that her letter was "directed at *conduct prohibited by Title VII.*"  *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107-08 (2d Cir. 2011) (emphasis in original) (citation and internal quotation marks omitted).

[1] Eliacin moved to attach this letter as an exhibit to her reply brief.  We deny that motion as unnecessary.  The letter is included in the record and was considered on appeal.  To the extent Eliacin requests that we consider a letter attached to her reply brief that she sent to the district court regarding a July 2011 discovery order, we deny her request.  Eliacin did not properly challenge that discovery order in her opening brief and no "manifest injustice" results from this denial.  *See J.P. Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).  We have, however, considered the remaining arguments set forth in her reply brief.

We have considered Eliacin's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk